## STEWART v. COMMISSIONER OF INTERNAL REVENUE.*

### SHEARER v. SAME.
#### Nos. 78, 79.

Circuit Court of Appeals, Second Circuit.
July 17, 1931.

See, also, 48 F.(2d) 552.

Harry J. Campaign, of New York City (William A. W. Stewart, George L. Shearer, and Harry J. Campaign, all of New York City, of counsel), for appellants.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. K. Polk, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Raymond M. White, of New York City, amicus curiæ.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The above appeals were argued together and relate to the income taxes of the appellants who are law partners doing business under the name of Stewart & Shearer. They made and filed their individual returns on the basis of a calendar year, and the additional taxes found against them are for the calendar year 1924. The partnership filed a partnership return on the basis of a fiscal year ending April 30, 1924. The appellants included in their individual returns for the calendar year 1924 their distributive shares of the partnership profits for its fiscal year, thus including eight months of firm profits earned in 1923. The Commissioner correctly found the taxes on income attributable to 1923 at the rates prevailing for that year, but refused to allow the appellants a reduction of 25 per cent. of such taxes under sections 1200 and 1201 (b) of the Revenue Act of 1924 (43 Stat. 353, 354). As a result, the appellants say that they have been improperly held for a deficiency in their income taxes to the amount of $6,811.08 in the case of Shearer and $5,933.23 in the case of Stewart. The Board of Tax Appeals affirmed the action of the Commissioner.

The question before us is whether the appellants are entitled to receive a 25 per cent. reduction of their income taxes on that portion of the partnership income which was, by section 207 (b) of the Revenue Act of 1924 (26 USCA § 938 (b), taxable at 1923 rates.

Section 218 (a) of the Revenue Act of 1924 (26 USCA § 959 (a), provided that persons carrying on business in partnership should be liable for income taxes only in their individual capacity. It required that, if the income of a partner was computed for a period different from that of the partnership, there should be included in his individual return his distributive share of the net income of the partnership for any accounting period ending within the taxable year upon the basis of which his own income was computed.

*Certiorari granted 52 S. Ct. 130.

In other words, section 218 (a) required each appellant when he filed his return on March 15, 1925, for the calendar year 1924, to bring in his distributive share of the partnership income for the entire fiscal year that ended April 30, 1924. Thus each return, though for the year 1924, necessarily included income of the partnership for eight months of 1923.

By the Revenue Act of 1924, rates for income taxes were greatly reduced. Section 207 (a) of the Act (26 USCA § 938 (a) dealt with cases where taxpayers make returns for a year, different from the calendar year, and the rates are changed during the period. It provided that in such cases the tax on the entire income for the fiscal year should be computed at the rate prevailing during the first calendar year, and that the proportion of the tax which the period in which these rates were in effect bore to the entire fiscal year should be ascertained. To this sum should be added the proper proportion of the tax computed at the rates prevailing during the second calendar year in order to get the total. This section covered individual taxes only, for, by reason of section 218 (a), supra, individuals, and not partnerships, are liable for income taxes. The return of a partnership is essentially no more than an information return.

The method of calculating the tax upon partnership income to be included in individual returns, in cases where rates have changed and the income has accrued in calendar years having different tax rates, was prescribed by section 207 (b) of the same Revenue Act. Section 207 (b) applied the 1923 rates to the proportion of the fiscal year of the partnership falling within the calendar year 1923, and applied the 1924 rates to the proportion of the fiscal year falling within the calendar year 1924. For purposes of surtax, it placed the partnership income subject to the 1924 rates in the lower brackets, and the income subject to the 1923 rates in the higher brackets. In doing this, Congress, so far as possible, effectuated the high surtaxes of 1923 by applying them to the proportion of the income allocated to 1923 at the top.

Owing to the surplus in the Treasury in 1923, it was decided to lower income tax rates, and it was at first proposed to make the new Revenue Act applicable to 1923 income. But, as the bill was not ready for passage until after the returns for 1923 income had been filed, it was thought best to limit the relief as to 1923 income to a credit or refund of 25 per cent. Accordingly the following provisions were inserted in the Revenue Act of 1924:

"Sec. 1200 (a) Any taxpayer making return, for the calendar year 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return. * * *

"Sec. 1201 (a) Any taxpayer making return, for a period beginning in 1922 and ending in 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921, shall be entitled to an allowance by credit or refund of 25 per centum of the same proportion of his tax for such period (determined under the law applicable to the calendar year 1923 and at the rates for such year) which the portion of such period falling within the calendar year 1923 is of the entire period.

"(b) Any taxpayer making return, for a period beginning in 1923 and ending in 1924, of the taxes imposed by Parts I and II of Title II of this Act, shall be entitled to an allowance by credit or refund of 25 per centum of the same proportion of a tax for such period (determined under the law applicable to the calendar year 1923 and at the rates for such year) which the portion of such period falling within the calendar year 1923 is of the entire period. * * * *"

We think it clear that none of the statutory provisions just quoted afford appellants the relief which they ask. Section 1200 (a) does not, for it only relates to a taxpayer making a return for the calendar year 1923, and Stewart and Shearer each made a return for the calendar year 1924. It allows a 25 per cent. credit or refund upon the whole amount properly shown as the tax upon a return for that calendar year, whenever the income may have accrued. Under section 218 (a), taxpayers had to bring in the distributive share of any partnership income for an accounting period of the partnership ending within the taxable year, upon the basis of which the partners' net income was computed. Owing to this later section, as construed by the Department, Stewart and Shearer would have been entitled to a 25 per cent. deduction upon income of their partnership accruing during the entire fiscal year from April 30, 1922 to April 30, 1923.

Section 1201 (a) applies only to a taxpayer making a return for a period beginning in 1922 and ending in 1923. If the appellants had been making their individual re-

turns for a period beginning April 30, 1922, and ending April 30, 1923, this section would have applied, but they were making them for the calendar year 1924, and not for a fiscal year.

Section 1201 (b) applies to a taxpayer making a return for a period beginning in 1923 and ending in 1924. The appellants were not making a return for such a period, but for the calendar year 1924. By its terms, section 1201 (b), as section 1201 (a), relates only to taxpayers reporting income for a fiscal year different from a calendar year—a situation not involved here. Section 1201 (a) covers only cases where a taxpayer, not a partner, is reporting income under section 207 (a) for a fiscal year. Under section 207 (a) section 1201 (b) deducts 25 per cent. from the proportion of the tax allotted under section 207 (a) to 1923. Section 1201 (b) is not applicable to a case where partnership income, and not the tax, is allocated between separate years as provided in the case of partnerships by section 207 (b).

The strongest argument for the taxpayers is that Congress intended to allow a general reduction of taxes paid for all income accruing in the year 1923. This prevailed with the Circuit Court of Appeals of the First Circuit in White v. Maddison, 45 F. (2d) 335. Congress allowed reductions under section 1200 (a) to those who filed returns for 1923 on a calendar year basis, and under section 1201 (a) and section 1201 (b) to those who filed for 1923 or 1924 on a fiscal year basis. Must we not suppose that it intended to allow a reduction of the tax on an individual who reported for his 1924 return his distributive share of the net income earned partly in 1923?

An affirmative answer to this query seems impossible. In the first place Congress might well have thought that most partnerships were continuous during the periods covered by the remedial legislation relating to 1923 income, and that, when a partner whose year for accounting ended in 1923, got a 25 per cent. deduction on earnings embracing firm income accruing in 1922, as well as down to the termination of the partnership fiscal year, in 1923, this was sufficient relief from the high tax rates prevailing in 1923. If, however, the contention of the appellants were adopted, such a partner would get not only a deduction on partnership income for a split year beginning in 1922 and ending in 1923; he would also obtain a deduction on partnership income during the remainder of 1923. In other words, in a case like the present, he would get a deduction on twenty months of partnership income.

Another argument even more fatal to appellants' position is that section 1201 (b), if applicable, would allow a credit or refund of 25 per cent. on the proportion of the total tax paid by the reporting taxpayer at 1923 rates which the portion of the period falling within the calendar year bore to the fiscal year of the partnership.

An allowance of 25 per cent. of the portion of the tax upon firm income, required by section 207 (b) to be placed in the higher brackets, and thus to be calculated at the highest rates, would be for a different sum than that allowed by section 1201 (b). In other words, it would not be on two-thirds of the whole tax for the fiscal year as required by section 1201 (b), but on a tax which two-thirds of the net firm income would yield when placed in the higher brackets.

The difficulties which the position of appellants involves may be further amplified. If the tax is computed under section 207 (b), the method is for the taxpayer to divide his income into two parts according to the year in which it was earned; the income attributable to 1924 is then put in the lower brackets, and the income attributable to 1923 is put in the next higher brackets.

If the tax is computed under section 207 (a), the method is for the taxpayer first to consider all his income as earned in 1923, to compute his tax on that basis, and then to take such proportion of the tax as the portion of the fiscal year falling within the calendar year 1923 is of the entire period. Then the taxpayer considers all his income as earned in 1924, computes his tax on that basis, and takes such proportion of the tax as the portion of the fiscal year falling within the calendar year 1924 is of the entire period. In that way he gets the two items that make his total tax for a fiscal year.

These two methods of computing taxes are different and would produce entirely different taxes on the same income. Those computed under section 207 (b) would, in the present case, be more than two-thirds of the total tax figured at 1923 rates because of the higher brackets in which the portion of the income applicable to 1923 would be placed. Taxes computed under section 207 (a) would be exactly two-thirds of such total tax.

The refund provided under sections 1201 (a) and 1201 (b) is based upon a tax computed under section 207 (a) because sections 1201 (a) and 1201 (b) allow a refund on the "proportion" of the tax for the entire fis-

cal year which the portion of the fiscal year falling within 1923 bears to the entire period. Such a "proportion" of the tax is employed only in section 207 (a). It has no relation to section 207 (b) by which the "income," and not a "proportion" of the tax, is allocated between separate years. Therefore a refund of 25 per cent. of the amount which is placed in the higher brackets under section 207 (b) finds no warrant in the statute.

If it be contended that the taxpayers, though not entitled to a refund based on the taxes computed for 1923 under section 207 (b), are entitled to a refund of two-thirds of the tax for the partnership year calculated under section 207 (a), the answer is that a refund based upon such a tax would bear no relation to the taxes which must be computed on partnership income under section 207 (b). To maintain this last contention would be to allow the refund of a percentage of a tax that was not, under the statute, the tax to be computed against the partnership income.

The Board of Tax Appeals has uniformly adopted the construction of the statute which seems to us inevitable and indeed the only interpretation that will reconcile the various statutory provisions relating to the 25 per cent. credit or refund. The opinion of Mr. Sternhagen in Appeal of Charles Colip, 5 B. T. A. 123, appears to reach the correct result rather than White v. Maddison, supra, from which, with all deference, we feel compelled to differ.

■ The appellants argue that a refusal to allow a refund on partnership income accruing in 1923 because under the Revenue Act it has to be returned as part of the 1924 income of the partners is arbitrary and violates the Fifth Amendment of the Constitution. But all taxpayers similarly situated are treated alike. There may be individual hardships, and a firm which did not exist in 1922 and began business in 1923 would be unable to obtain any refund under the remedial provisions of the act of 1924. On the other hand, as we have pointed out, if the contention of the appellants were adopted a partnership having business beginning April 30, 1922, would secure a refund on taxes arising from the partnership business that was based, not upon 1923 income, but upon eight months also of income accruing in 1922. The revenue law is full of such hardships. If a man happens to sell property in a year when the tax rates are high, he will be obliged to pay a tax upon capital gain often attributable to the accumulation of years. Except for prac-

tical considerations, it would be more consistent with an ideal system to tax accruals in value from year to year, and not to wait for realization of capital gain. But such a method would require the business world to spend most, instead of much, of its time in accounting. Taxation can rarely be scientifically uniform, and it does not have to be. It need only be based on a reasonable classification, which we cannot say was absent here. Barclay v. Edwards, 267 U. S. at page 450, 45 S. Ct. 135, 348, 69 L. Ed. 703; Evans v. Gore, 253 U. S. at page 256, 40 S. Ct. 550, 64 L. Ed. 887, 11 A. L. R. 519; Diamond Shoe Co. v. Commissioner (C. C. A.) 42 F. (2d) 144, 148.

The order of the Board of Tax Appeals is affirmed.